J-S05012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE ALAN CHEW | : | |
| | : | |
| Appellant | : | No. 894 WDA 2018 |

Appeal from the PCRA Order Entered May 9, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000214-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 15, 2019**

Appellant, Lee Alan Chew, appeals *pro se* from the order entered in the Jefferson County Court of Common Pleas, dismissing his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We briefly recount the relevant facts and procedural history of this case. Though the certified record in this matter is imprecise as to the date and details of Appellant's underlying conviction, we are able to glean that Appellant was convicted of involuntary deviate sexual intercourse in 2006. He was later subject to sex offender registration under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.14, 9799.15.

On June 15, 2016, Appellant pled guilty to one count of failure to comply

---

[*]   Retired Senior Judge assigned to the Superior Court.

with sexual offender registration requirements. The court imposed a sentence of four to ten years' incarceration. Appellant did not file a direct appeal; instead, he filed a timely *pro se* PCRA petition on February 8, 2017. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[1] no-merit letter and was permitted to withdraw. The court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and later dismissed it. Appellant did not appeal that ruling.

Appellant then filed the instant *pro se* petition, his second, on July 31, 2017. In it, Appellant claimed the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), determined retroactive application of sexual offender registration requirements under SORNA to be unconstitutionally punitive. Appellant averred his recent discovery of the **Muniz** case constituted newly-discovered evidence, and thus an exception to the PCRA's time-bar. The PCRA court issued Rule 907 notice. Appellant objected to the notice, but the court ultimately dismissed his petition. Appellant filed a timely notice of appeal.[2] This case is now properly before us.

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The PCRA court's order dismissing Appellant's petition was entered on May 9, 2018. Appellant filed a notice of appeal on Monday, June 11, 2018. **See** Pa.R.A.P. 903(a) (timely notice of appeal must be filed within thirty days); **see also** 1 Pa.C.S.A. § 1908 (when the thirtieth day of an appeal period falls on Saturday or Sunday, that day shall be omitted from the timeliness computation). Thus, his notice of appeal was timely filed.

Before we may review the merits of Appellant's argument, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA's timeliness requirements are jurisdictional; we may not address the merits of issues raised in untimely petitions. *See id*.

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id*., at 17.

Here, Appellant's judgment of sentence became final on July 15, 2016, at the expiration of time for seeking direct review with this Court. *See* Pa.R.A.P. 903(a). Thus, he had until July 15, 2017 to timely file his PCRA petition. Appellant filed the instant petition on July 31, 2017. As it is facially untimely, the PCRA court lacked jurisdiction to review Appellant's claims unless he successfully pled and proved one of the following statutory exceptions to the PCRA's time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to

the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[3] "Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal." *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

In his PCRA petition, Appellant claimed *Muniz* amounted to newly-discovered evidence in his case. However, this Court has repeatedly held that "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii)." *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018)

---

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Appellant's claim of "newly-discovered evidence" arose on July 19, 2017, when he received information regarding the Pennsylvania Supreme Court's decision in *Muniz*. Therefore, the amendment is inapplicable to Appellant's claim.

(citation omitted); *see also Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012). "New legal decisions can only overcome the PCRA's timeliness requirements in the context of Section 9545(b)(1)(iii)[,]" the PCRA's provision for new, retroactive constitutional rights. *Kretchmar*, 189 A.3d at 467.

And even if Appellant had presented his *Muniz* claim under the new constitutional right framework, as he does in his appellate brief, he would still be due no relief. "Because Appellant's PCRA petition is untimely … he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii)." *Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa. Super. 2018) (citation and emphasis omitted). The Pennsylvania Supreme Court has yet to issue such a holding. Therefore, Appellant cannot rely on *Muniz* to meet the new constitutional right timeliness exception. Accordingly, as Appellant has failed to present an issue for relief, we affirm the PCRA court's order dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2019

- 5 -